# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeannette Griggs,                 :
            Petitioner     :
                        :
        v.              :   No. 1660 C.D. 2015
                        :   Submitted: February 19, 2016
Unemployment Compensation   :
Board of Review,           :
            Respondent  :

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**            **FILED: April 27, 2016**

Jeannette Griggs (Claimant), *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board). The Board affirmed an Unemployment Compensation Referee's (Referee) decision, in which the Referee determined that Claimant was financially ineligible for unemployment compensation benefits due to insufficient wages in the base year preceding her claim.[1] We now affirm.

Claimant filed a claim for unemployment compensation benefits effective April 26, 2015. (Certified Record (C.R.), Item No. 2.) The Allentown UC Service Center (Service Center) issued a determination finding Claimant

---

[1] We note that the Board's decision misidentified Claimant as Jeannette "Gribbs" instead of "Griggs."

financially ineligible for benefits. (*Id.*) In so doing, the Service Center explained that Claimant did not have sufficient wages in her base year—January 1, 2014 through December 31, 2014—to be financially eligible for benefits.[2] (*Id.*)

Claimant appealed the Service Center's determination, and a Referee conducted a hearing. During the hearing, Claimant confirmed that she earned $240 in the first quarter of 2014, $3,590 in the second quarter of 2014, $8,541 in the third quarter of 2014, and $3,985 in the fourth quarter of 2014. (C.R., Item No. 6 at 4.) The Referee issued a decision affirming the Service Center's determination and concluding that Claimant had insufficient wages for eligibility under Section 404 of the Unemployment Compensation Law (Law).[3] Claimant appealed to the Board, which affirmed the Referee's decision. In so doing, the Board made the following findings of fact:

1. Effective April 26, 2015, the claimant applied for unemployment compensation benefits, establishing a base year from January 1 through December 31, 2014.

2. For the first quarter of 2014, the claimant earned $240.00 in wages from the employer.

3. For the second quarter of 2014, the claimant earned $3590.00 in wages from the employer.

4. For the third quarter of 2014, the claimant earned $8541.00 in wages from the employer.

5. For the fourth quarter of 2014, the claimant earned $3985.00 in wages from the employer.

---

[2] During her base year, Claimant was employed by three different employers, none of which appear to have opposed her claim for unemployment compensation benefits. (C.R., Item No. 2.)

[3] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804.

2

(C.R., Item No. 9.) The Board concluded that Claimant was financially ineligible for benefits under Section 401 of the Law.[4] The Board reasoned as follows:

> Section 404(e)(1) of the Law provides that a claimant whose highest quarterly base year wages were $8541.00 qualifies for a weekly benefit allowance of $344.00 if her base year wages were at least $16,955.00. The claimant earned only $16,913.00 in her base year, so she is financially ineligible for benefits under Section 401(a)(2) of the Law based on her AB[5] date of April 2[6], 2015.

(*Id.*) Claimant now petitions this Court for review of the Board's order.[6]

On appeal,[7] Claimant appears to contend that, despite earning insufficient wages, she is otherwise eligible for unemployment compensation benefits, because her employment was not terminated for willful misconduct, she was available for work, and she was actively searching for employment. Section 401 of the Law requires that, in addition to demonstrating that she is available for work and actively searching for employment, a claimant must satisfy certain financial requirements to be eligible for unemployment compensation benefits. Specifically, a claimant must demonstrate that within her base year she has "been paid wages for employment as required by [S]ection 404(c) of [the Law]." Section 401(a)(1) of the Law. A claimant must also establish that "not less

---

[4] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 801.

[5] The term "AB date" appears to refer to Claimant's "Application for Benefits date."

[6] By letter dated January 19, 2016, the Board informed this Court that it would not file a brief in this matter.

[7] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

3

than forty-nine and one-half per centum (49.5%) of the employe's total base year wages have been paid in one or more quarters, other than the highest quarter in such employe's base year." Section 401(a)(2) of the Law. The term "base year" is defined as "the first four of the last five completed calendar quarters immediately preceding the first day of an individual's benefit year." Section 4(a) of the Law.[8] Section 404(c) of the Law provides that an otherwise eligible claimant is entitled to benefits if the claimant has base year wages that equal or exceed the amount specified in Section 404(e)(1) of the Law.

Here, Claimant's highest quarterly wage in her base year was $8,541, and her base year wages were $16,913. Pursuant to Section 404(e)(1) of the Law, a claimant whose highest quarterly wage is between $8,538 and $8,562 must have a base year wage of at least $16,955 to be financially eligible to receive unemployment compensation benefits. Claimant, therefore, did not meet the eligibility requirements of Section 404 of the Law, as she did not have base year wages of at least $16,955. Although Claimant may have otherwise been eligible for unemployment compensation benefits, Section 401 of the Law requires a claimant to demonstrate, *inter alia*, financial eligibility for benefits in accordance with Section 404 of the Law. Claimant was unable to do so, and, consequently, she does not qualify for unemployment compensation benefits. Accordingly, we reject Claimant's argument that, despite earning insufficient wages, she is otherwise eligible for unemployment compensation benefits, because her

---

[8] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 753(a).

4

employment was not terminated for willful misconduct, she was available for work, and she was actively searching for employment.[9]

Accordingly, we affirm the Board's order.

_____
P. KEVIN BROBSON, Judge

---

[9] Claimant also appears to suggest that she was misled by the Service Center, because she was instructed to open a new claim rather than to reopen her existing claim. (Claimant's Br. at 6, 10.) There is no evidence of record, however, demonstrating that Claimant had an existing claim, let alone an existing claim that could have been reopened. Accordingly, we reject Claimant's argument that she was misled by the Service Center.

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

Jeannette Griggs,                                 :
                          Petitioner              :
                                                  :
             v.                                   :   No. 1660 C.D. 2015
                                                  :
Unemployment Compensation                         :
Board of Review,                                  :
                          Respondent              :

# **O R D E R**

AND NOW, this 27th day of April, 2016, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge